IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-00016 AGF/DDN |
| ) | |
| DALE W. JOHANSEN ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION IN LIMINE

COMES NOW Defendant Dale W. Johansen (hereinafter called "Johansen"), by and through counsel, and moves in limine to exclude evidence regarding any reference to lead or the lead content of water. Defendant states:

### REFERENCE TO LEAD CONTENT OR WATER CONTAINING LEAD

1. Johansen is charged in a four-count Indictment with the offenses of mail fraud pursuant to 18 U.S.C. §1341.

2. The crux of the allegation in the Indictment is that Johansen engaged in mail fraud by collecting payment from customers of Rogue Creek Utilities, Inc. for services that he knew were not performed as a result a non-operational water softener device.

3. The Indictment expressly contains information regarding "tests performed by the Missouri Department of Natural Resources (hereinafter called "MDNR") that states three of five samples tested high for lead. The MDNR issued a DO NOT DRINK ORDER for the community of Rogue Creek on or about March 11, 2016 recommending that residents drink bottled water. This ORDER was not lifted until on or about May 2, 2017."

4. The evidence disclosed in discovery suggests that the lead content of the drinking water of the Rogue Creek Utility, Inc.'s customers may consume a substantial portion of the evidence at trial.

5. The Federal Rules of Evidence, Rule 403 states "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

6. Allowing the admission of evidence regarding the lead content of the drinking water, or general references to lead in the water is unfairly prejudicial to Johansen. The focus of the trial shifts away from the alleged crime of billing a customer for a service not provided and instead emphasizes the lead content of the drinking water. This leads to the danger of confusing the issues and misleading the jury. Admission of evidence regarding lead suggests that Johansen's crime is allowing a higher level of lead content in drinking water rather than billing a customer for a service not provided.

WHEREFOE, Defendant prays that the Court sustains his motion in limine excluding evidence regarding the lead content of the drinking water or generally any reference to lead in the water, and for such other and further relief as the court deems just and proper in the interest of justice.

Respectfully submitted,

BRYDON, SWEARENGEN & ENGLAND,
By:

 /s/ Scott A. Hamblin
Scott A. Hamblin                              #48704MO
312 East Capitol Avenue, P. O. Box 456
Jefferson City, Missouri  65102-0456
Phone: (573) 635-7166
Fax:    (573) 635-3847 (facsimile)
Email: scotthamblin@brydonlaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing motion was sent by electronic case filing to all counsel of record on this 15th day of June 2018.


  /s/ Scott A. Hamblin