UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:18-CR-0016 AGF ) |
| DALE W. JOHANSEN, | ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Dianna R. Collins, Assistant United States Attorney for such District, respectfully requests that this honorable court deny the defendant's Motion in Limine [Doc. 27].

Facts

A federal grand jury indicted the defendant on four counts of mail fraud (18 U.S.C. 1341). Defendant seeks to exclude the government from presenting at trial evidence proving the defendant's responsibility to provide safe drinking water to the residents of Rouge Creek, which included removing lead from its drinking water. The defendant believes that discussion of lead removal, which was the responsibility of the defendant and explained in the indictment as a basis for the mail fraud counts, is in violation of FRE Rule 403.

Standard of Review

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charge." Fed. R. Crim. P. 7(c)(1). Defendant may move to

dismiss an indictment for a failure to state an offense. Fed. R. Crim. P. 12(b)(2)(B).   At the motion to dismiss stage, an indictment must be tested only by its sufficiency to charge an offense. United States v. Sampson, 371 U.S. 75, 78-79 (1962).

To be sufficient, an indictment must "contain the elements of the offense charged." United States v. Olson, 262 F.3d 795, 799 (8th Cir. 2001).   A sufficient indictment "fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution." United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001).   The Eighth Circuit has stated that it will find an indictment insufficient only if an "essential element 'of substance' is omitted." Id.

### Argument

The indictment in this matter is sufficient. It is a federal criminal offense to devise a scheme to defraud persons of money or property by means of false or fraudulent pretenses, representations, or promises with use of the postal service. 18 U.S.C 1341.   Here, the indictment is facially sufficient because it contains all the elements of the offense charged and fairly informs the defendant of the charges against him.   The indictment, in paragraphs One-Twelve, explains the fraudulent scheme and explains how the defendant used the postal service in executing his scheme.   Count One alleges that the defendant committed the offense and details what item was mailed in execution of the scheme.   Counts Two-Four re-alleges and incorporates all of the allegations set forth in Court One, and then details what items was mailed in execution of the scheme in violation of 18 U.S.C. §1341.

### Conclusion

Through his motion, defendant attempts to test the sufficiency and prejudicial effect of the government's evidence and, in effect, try this case before the trial. At the motion to dismiss stage, an indictment can only be tested for sufficiency to charge an offense.  For the foregoing reasons, the indictment, as written, is facially sufficient and thus should not be dismissed.  The United States respectfully requests that the defendant's motion be denied

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney

        */s/ Dianna R. Collins*
        DIANNA R. COLLINS, #59641MO
        Assistant United States Attorney
        111 South 10th Street, Room 20.333
        St. Louis, Missouri   63102
        (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on **June 22, 2018** the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

        */s/ Dianna R. Collins*
        DIANNA R. COLLINS, 59641MO
        Assistant United States Attorney