IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-00016 AGF/DDN |
| | ) |
| DALE W. JOHANSEN | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S NOTICE OF INTENT TO RAISE DEFENSE AT TRIAL**

COMES NOW Defendant Dale W. Johansen, by and through counsel, and provides notice of his intent to raise certain legal defenses at trial that are not expressly enumerated by Rule 12(b)(3) of the Rules of Criminal Procedure. Defendant states:

**FACTS**

1. Plaintiff United States of America (hereinafter called "Government") filed an Indictment against the Defendant Dale W. Johansen (hereinafter called "Defendant") on January 10, 2018 alleging four counts of mail fraud in violation of 18 U.S.C. §1341.

2. The Indictment alleges that the "defendant devised a scheme or artifice to defraud and to obtain money from residents of Rogue Creek by means of false and fraudulent promises, pretenses and representations."

3. The Indictment alleges "Rogue Creek was a vacation community containing three lakes located in Potosi, Missouri and composed of approximately 90 actives connections to the drinking water and sewer systems. Drinking water to this community was supplied by well water obtain through an on-site well. In 1994, Rogue Creek Utilities, Inc. was established to provide all sewer and water services and management to Rogue Creek.

1

4. The Indictment alleges that the "defendant was formerly employed by the Missouri Public Service Commission from approximately 1979 to 2011 including approximately 12 years as the Superintendent of the Water and Sewer Department. The Missouri Public Service Commission's Water and Sewer Department was the Missouri state agency responsible for overseeing private utilities such as Rogue Creek Utilities, Inc."

5. The Indictment alleges that "On or about November 1, 2011, the defendant established Johansen Consulting Services, later Johansen Consulting Services, LLC located in Jefferson City, Missouri. The defendant, through Johansen Consulting Services, was appointed as the receiver for Rogue Creek Utilities, Inc and became responsible for overseeing its drinking water and wastewater utilities on June 11, 2012.

6. The Indictment alleges "In or around 1994, the Missouri Department of Natural Resources (hereinafter called "MDNR") received results concerning levels of lead in the well water at Rogue Creek. As a result, the MDNR mandated that Rogue Creek Utilities, Inc. treat the well water for lead removal. A treatment system was installed and later replaced by a lead reduction system (hereinafter called "water softener system") which had been approved by the MDNR on or about January 8, 2003.

7. The Indictment alleges that "on or about March 9, 2016, MDNR learned that the water softener system at Rogue Creek was not operational."

8. The Indictment alleges that "on or about March 11, 2016, MDNR performed testing on the drinking water at Rogue Creek. Results of this testing showed that three or five samples tested high for lead. The MDNR issued a do not drink order for the community of Rogue Cree on or about March 11, 2016 recommending that residents drink bottled water."

9. The Indictment alleges that the "defendant, acting through Rogue Creek Utilities, Inc, issued invoices to customers for waters services. In issuing the water bill, the defendant falsely represented to the residents of Rogue Creek that their well water was clean, disinfected, and safe for human consumption. Additionally, the defendant falsely represented to the residents of Rogue Creek that their well water met the quality requirements set by the MDNR and the United States Environmental Protection Agency."

10. The Indictment alleges that "It was part of a scheme to defraud, that between at least September 2015 and at least March 10, 2016, that the defendant, acting through Rogue Creek Utilities, Inc. issued residents of Rogue Creek monthly invoices for water services, including the removal of the lead in their well water, with knowledge that the well water was not being treated for lead removal."

11. The Missouri Public Service Commission (hereinafter called "Commission") established its Schedule of Rates for Rogue Creek Utilities, Inc. (hereinafter called "Tariff") on November 20, 2013. The Tariff states:

Availability: The following monthly water service charges are available to any water Customer on the Company's main for supplying the service requested.

Monthly Minimum Water Service Charge: The following minimum monthly service charge must be paid regarding of the quantity of water metered.

    Residential Rate    $23.06 per month
    Commercial Rate    $230.60 per month

Water Service Commodity Charge: The following shall be billed for all metered usage:

$$\$3.89 \text{ per } 1{,}000 \text{ gallons}$$

Taxes: Any applicable Federal, State or local taxes being computed on a billing basis shall be added as separate items in rendering each bill.

See Exhibit A, attached hereto and adopted herein.

3

12. The Tariff further states:

    "A. The charges for water service shall be at the rates specified in the Schedule of Rates on file with the Missouri Public Service Commission. . . .

    F. A separate bill shall be rendered for each Customer with itemization of all water service charges. All bills for service shall state the due date. The Company shall render bills monthly."

    See "Bills for Service" attached hereto as Exhibit B and adopted herein.

13. Section 386.270 RSMo states:

    "All rates, tolls, charges, schedules and joint rates fixed by the commission shall be in force and shall be prima facie lawful, and all regulations, practices and services prescribed by the commission shall be in force and shall be prima facie lawful and reasonable until found otherwise in a suit brought for that purpose pursuant to the provisions of this chapter."

14. Section 386.550 RSMo states:

    "In all collateral actions or proceedings the orders and decisions of the commission which have become final shall be conclusive."

15. "It is a 'thoroughly settled rule that the legal rate is the filed rate, and it is the duty of the carrier to charge and collect the rate precisely as same is contained in the tariffs on file with the [regulatory agency]. *Brooks v. Empire Dist. Elec. Co*, 420 S.W.3d 586 (Mo.App. S.D. 2013).

## SUGGESTIONS IN SUPPORT

The Government has charged the Defendant with the crime of mail fraud for issuing bills to customers of the Rogue Creek Utility, Inc. (hereinafter called "Rogue Creek") for services rendered while serving in his capacity as the court appointed receiver for Rogue Creek. The Defendant, as receiver, was under a duty to comply with his obligations as a receiver pursuant to Section 393.145 RSMo. The Defendant's duties including billing Rogue Creek customers for water services. The Government has criminalized the Defendant's conduct in issuing bills to Rogue Creek's customers despite that he had a legal obligation to issue such bills.

4

Rogue Creek is a regulated utility under the laws of the State of Missouri. As such, Rogue Creek, the receiver and its customers are subject to the laws regulating the utility. The Missouri Public Service Commission (hereinafter called "PSC") established a Schedule of Rates on or about November 20, 2013. See Exhibit A attached hereto and adopted herein. The rates set by the PSC are mandatory and may not be altered, changed or deprived. §386.270 RSMo. Brooks v. Empire Dist. Elec. Co., 420 S.W.3d 586 (Mo.App. S.D. 2013) citing Straube v. Bowling Green Gas Co., 360 Mo 132, 227 S.W.2d 666,671 (Mo. 1950).

Section 386.270 RSMo states:

> "All rates, tolls, charges, schedules and joint rates fixed by the commission shall be in force and shall be prima facie lawful, and all regulations, practices and services prescribed by the commission shall be in force and shall be prima facie lawful and reasonable until found otherwise in a suit brought for that purpose pursuant to the provisions of this chapter."

"Rates are *prima facie* lawful until found otherwise upon the conclusion of the appeal process. 'When the established rate of a utility has been followed, the amount so collected becomes the property of the utility, of which it cannot be deprived by either legislative or judicial action without violating the due process provisions of the state and federal constitutions." Brooks v. Empire Dist. Elec. Co., 420 S.W.3d 586 (Mo.App. S.D. 2013) citing Straube v. Bowling Green Gas Co., 360 Mo 132, 227 S.W.2d 666,671 (Mo. 1950).

The Government claims that the Defendant committed mail fraud by sending billing statements to customers of Rogue Creek in his capacity as the receiver for Rogue Creek. The Defendant would be violating his legal obligations as a receiver under section 393.145 RSMo if he did not send billing statements to customers.

Furthermore, the Government cites to no legal authority that allows the Defendant, as the receiver, to disregard, ignore or fail to submit billing statements to customers of Rogue Creek.

5

WHEREFORE, defendant prays that the court allow defendant to present the above described legal defense at trial, and for such other and further relief as the court deems just and proper in the interest of justice.

        Respectfully submitted,

        BRYDON SWEARENGEN & ENGLAND P.C.
        By:

         /s/ Scott A. Hamblin
        Scott A. Hamblin       #48704MO
        312 East Capitol Avenue
        P. O. Box 456
        Jefferson City, Missouri  65102-0456
        Phone: (573) 635-7166
        Fax:    (573) 635-3847 (facsimile)
        Email: scotthamblin@brydonlaw.com
        Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing motion was sent by electronic case filing to all counsel of record on this 22nd day of June 2018.

         /s/ Scott A. Hamblin